UNITED STATES BANKRUPTCY COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br><br>Rhobie A Nowlin<br><br>Theresa Nicole Nowlin<br><br>DEBTOR(S)<br><br>Address: 2603 Persmimmons Drive Hartsville, SC 29550<br><br>Last four digits of Social-Security or Individual Tax-Payer-Identification (ITIN) No(s)., (if any): 2315 & 3712 | CASE NO:  19-03813-jw<br><br>CHAPTER 13 |

**NOTICE OF OPPORTUNITY TO OBJECT**

The debtor(s) in the above captioned case filed a chapter 13 plan on July 19, 2019. The plan is attached.

**<u>Your rights may be affected by the plan</u>. You should read the plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

Any objection to confirmation of the chapter 13 plan must be in writing filed with the Court at 1100 Laurel Street, Columbia, SC 29201-2423 and served on the chapter 13 trustee, the debtor(s), and any attorney for the debtor(s) no later than 21 days after the service of the chapter 13 plan, as computed under Fed. R. Bankr. P. 9006(a). Objections to confirmation may be overruled if filed late or the objecting party fails to appear and prosecute the objection. If no objection is timely filed, the plan may be confirmed by the Court without further notice.

If you file an objection, you or your attorney must attend the hearing scheduled by the court on confirmation of the plan.  Notice of the confirmation hearing is provided in section 9 of the Notice of Chapter 13 Bankruptcy Case.   However, the Court may set an earlier status hearing on any objection upon notice to the applicable parties.

<u>If you or your attorney do not take these steps, the court may determine that you do not oppose the terms or relief sought in the plan and may enter an order confirming the plan.</u>

| | |
|---|---|
| Date: July 19, 2019 | /s/ Eric S. Reed<br>Eric S. Reed<br>Reed Law Firm, P.A.<br>Attorney for Movant/Movant<br>D.C. ID # 7242<br>220 Stoneridge Drive, Ste 301<br>Columbia, SC 29201<br>(803) 726-4888 |

Fill in this information to identify your case:

| | | |
|---|---|---|
| Debtor 1 | **Rhobie A Nowlin** | ☐ Check if this is a modified plan, and list below the sections of the plan that have been changed. |
| | First Name  Middle Name  Last Name | |
| Debtor 2 | **Theresa Nicole Nowlin** | |
| (Spouse, if filing) | First Name  Middle Name  Last Name | |
| United States Bankruptcy Court for the: | **DISTRICT OF SOUTH CAROLINA** | ☐ Pre-confirmation modification |
| | | ☐ Post-confirmation modification |
| Case number: | 19-03813 | |
| (If known) | | |

District of South Carolina
# Chapter 13 Plan                                                                                                                5/19

## Part 1:   Notices

**To Debtor(s):**  This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances.  Plans that do not comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, this Court's local rules, and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

**To Creditors:**  **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.  Failure to object may constitute an implied acceptance of and consent to the relief requested in this document.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file a timely objection to confirmation. **To determine the deadline to object to this plan, you must consult the Notice of Bankruptcy Case or applicable Notice/Motion served with this plan**. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, pursuant to Federal Rule of Bankruptcy Procedure 3002, you must file a timely proof of claim in order to be paid under any plan.  Confirmation of this plan does not bar a party in interest from objecting to a claim.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☑ Not Included |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4. | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |
| 1.4 | Conduit Mortgage Payments: ongoing mortgage payments made by the trustee through plan, set out in Section 3.1(c) and in Part 8 | ☐ Included | ☑ Not Included |

## Part 2:   Plan Payments and Length of Plan

**2.1**     The debtor submits to the supervision and control of the trustee all or such portion of future earnings or other future income as is necessary for the execution of the plan.

Unless all allowed claims (other than long-term claims) are fully paid pursuant to the plan, the debtor will make regular payments to the trustee as follows:

**$380.00** per **Month** for **58** months

*Insert additional lines if needed.*

The debtor and trustee may stipulate to a higher payment in order to provide adequate funding of the plan without the necessity of a modification to the plan.  The stipulation is effective upon filing with the Court.

Additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

| Debtor | **Rhobie A Nowlin** | Case number | |
| | **Theresa Nicole Nowlin** | | |

**2.2   Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply:*
- [✓] The debtor will make payments pursuant to a payroll deduction order.
- [ ] The debtor will make payments directly to the trustee.
- [ ] Other (specify method of payment):

**2.3 Income tax refunds.**
*Check one.*
- [✓] The debtor will retain any income tax refunds received during the plan term.
- [ ] The debtor will treat income refunds as follows:

**2.4 Additional payments.**
*Check one.*
- [✓] **None.** If "None" is checked, the rest of § 2.4 need not be completed or reproduced.

### Part 3:   Treatment of Secured Claims

To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation and filed in compliance with Official Rules and Forms, must be filed with the Court. For purposes of plan distribution, a claim shall be treated as provided for in a confirmed plan. However, if a claim is treated as secured in a confirmed plan and the affected creditor elects to file an unsecured claim, such claim, unless timely amended, shall be treated as unsecured for purposes of plan distribution.   Any creditor holding a claim secured by property that is removed from the protection of the automatic stay by order, surrender, or through operation of the plan will receive no further distribution from the chapter 13 trustee on account of any secured claim. This provision also applies to creditors who may claim an interest in, or lien on, property that is removed from the protection of the automatic stay by another lienholder or released to another lienholder, unless the Court orders otherwise, but does not apply if the sole reason for its application arises under 11 U.S.C. § 362(c)(3) or (c)(4).  Any funds that would have otherwise been paid to a creditor, but pursuant to these provisions will not be paid, will be distributed according to the remaining terms of the plan.  Any creditor affected by these provisions and who has filed a timely proof of claim may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the removal of the property from the protection of the automatic stay.  Secured creditors that will be paid directly by the debtor may continue sending standard payment and escrow notices, payment coupons, or inquiries about insurance, and such action will not be considered a violation of the automatic stay.

**3.1   Maintenance of payments and cure or waiver of default, if any.**

*Check all that apply.  Only relevant sections need to be reproduced.*

- [✓] **None.** If "None" is checked, the rest of § 3.1 need not be completed or reproduced.

**3.2   Request for valuation of security and modification of undersecured claims.** *Check one.*

- [✓] **None.** If "None" is checked, the rest of § 3.2 need not be completed or reproduced.

**3.3   Other secured claims excluded from 11 U.S.C.  § 506 and not otherwise addressed herein.**

*Check one.*
- [ ] **None**. If "None" is checked, the rest of § 3.3 need not be completed or reproduced.
- [✓] The claims listed below are being paid in full without valuation or lien avoidance.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor, as specified below. Unless there is a non-filing co-debtor who continues to owe an obligation secured by the lien, any secured creditor paid the allowed secured claim provided for by this plan shall satisfy its liens at the earliest of the time required by applicable state law, order of this Court, or upon completion of the payment of its allowed secured claim in this case.

| **Name of Creditor** | **Collateral** | **Estimated amount of claim** | **Interest rate** | **Estimated monthly payment to creditor** |
|---|---|---|---|---|

| Debtor | **Rhobie A Nowlin** | Case number | |
| | **Theresa Nicole Nowlin** | | |

| Name of Creditor | Collateral | Estimated amount of claim | Interest rate | Estimated monthly payment to creditor |
|---|---|---|---|---|
| **CONN'S HOMEPLUS** | **Furniture** | $3,305.00 | 6.25% | $67.00 (or more) <br><br> Disbursed by: <br> ☑ Trustee <br> ☐ Debtor |
| **T&J MOTORS (B3798)** | **2007 Buick Lucerne** | $4,500.00 | 6.25% | $91.00 (or more) <br><br> Disbursed by: <br> ☑ Trustee <br> ☐ Debtor |
| **T&J MOTORS (F2135)** | **2002 Ford Explorer** | $3,900.00 | 6.25% | $79.00 (or more) <br><br> Disbursed by: <br> ☑ Trustee <br> ☐ Debtor |

*Insert additional claims as needed.*

**3.4    Lien avoidance**.

*Check one.*

☑    **None.** If "None" is checked, the rest of § 3.4 need not be completed or reproduced.

**3.5    Surrender of collateral.**

*Check one.*

☑    **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

### Part 4:    Treatment of Fees and Priority Claims

**4.1    General**

The debtor shall pay all post-petition priority obligations, including but not limited to taxes and post-petition domestic support, and pay regular payments on assumed executory contracts or leases, directly to the holder of the claim as the obligations come due, unless otherwise ordered by the Court. Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2    Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case.

**4.3    Attorney's fees.**

a.    The debtor and the debtor's attorney have agreed to an attorney's fee for the services identified in the Rule 2016(b) disclosure statement filed in this case. Fees entitled to be paid through the plan and any supplemental fees as approved by the Court shall be disbursed by the trustee as follows: Following confirmation of the plan and unless the Court orders otherwise, the trustee shall disburse a dollar amount consistent with the Judge's guidelines to the attorney from the initial disbursement. Thereafter, the balance of the attorney's compensation as allowed by the Court shall be paid, to the extent then due, with all funds remaining each month after payment of trustee fees, allowed secured claims and pre-petition arrearages on domestic support obligations. In instances where an attorney assumes representation in a pending pro se case and a plan is confirmed, a separate order may be entered by the Court, without further notice, which allows for the payment of a portion of the attorney's fees in advance of payments to creditors.

Debtor   **Rhobie A Nowlin**                                       Case number
       **Theresa Nicole Nowlin**

    b.    If, as an alternative to the above treatment, the debtor's attorney has received a retainer and cost advance and agreed to file fee applications for compensation and expenses in this case pursuant to 11 U.S.C. § 330, the retainer and cost advance shall be held in trust until fees and expense reimbursements are approved by the Court.  Prior to the filing of this case, the attorney has received $_____ and for plan confirmation purposes only, the fees and expenses of counsel are estimated at $_____ or less.

**4.4**    **Priority claims other than attorney's fees and those treated in § 4.5.**

The trustee shall pay all allowed pre-petition 11 U.S.C. § 507 priority claims, other than domestic support obligations treated below, on a *pro rata* basis.  If funds are available, the trustee is authorized to pay any allowed priority claim without further amendment of the plan.

*Check box below if there is a Domestic Support Obligation*.

    ☐    **Domestic Support Claims**. 11 U.S.C. § 507(a)(1):

    a.    Pre-petition arrearages. The trustee shall pay the pre-petition domestic support obligation arrearage to (state name of DSO recipient), at the rate of $_____ or more per month until the balance, without interest, is paid in full.  *Add additional creditors as needed.*

    b.    The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. § 101(14A) on a timely basis directly to the creditor.

    c.    Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect those obligations from property that is not property of the estate or with respect to the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or a statute.

**4.5**    **Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*
    ☑    **None.** If "None" is checked, the rest of § 4.5 need not be completed or reproduced.

**Part 5:**    **Treatment of Nonpriority Unsecured Claims**

**5.1**    **Nonpriority unsecured claims not separately classified.** *Check one*

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata by the trustee to the extent that funds are available after payment of all other allowed claims.

    ☑    The debtor estimates payments of less than 100% of claims.
    ☐    The debtor proposes payment of 100% of claims.
    ☐    The debtor proposes payment of 100% of claims plus interest at the rate of %.

**5.2**    **Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

    ☑    **None.** If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

**5.3**    **Other separately classified nonpriority unsecured claims.** *Check one.*

    ☑    **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

**Part 6:**    **Executory Contracts and Unexpired Leases**

| Debtor | **Rhobie A Nowlin** <br> **Theresa Nicole Nowlin** | Case number | |
|---|---|---|---|

**6.1** **The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

☐ **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

☒ **Assumed items.** Current installment payments will be disbursed directly by the debtor, as specified below, subject to any contrary court order or rule. Prepetition arrearage payments will be disbursed by the trustee unless otherwise ordered.

| Name of creditor | Description of leased property or executory contract | Current installment payment | Estimated amount of arrearage through month of filing or conversion | Estimated monthly payment on arrearage to be disbursed by the trustee |
|---|---|---|---|---|
| **Progressive Leasing (9164)** | **Cell Phone** | **$16.36** | **$0.00** | **$0.00** |

(or more)

| Name of creditor | Description of leased property or executory contract | Current installment payment | Estimated amount of arrearage through month of filing or conversion | Estimated monthly payment on arrearage to be disbursed by the trustee |
|---|---|---|---|---|
| **Progressive Leasing (4013)** | **Furniture** | **$38.91** | **$0.00** | **$0.00** |

(or more)

| Name of creditor | Description of leased property or executory contract | Current installment payment | Estimated amount of arrearage through month of filing or conversion | Estimated monthly payment on arrearage to be disbursed by the trustee |
|---|---|---|---|---|
| **Snap Financial (2502SC)** | **Mattress** | **$33.67** | **$0.00** | **$0.00** |

(or more)

| Name of creditor | Description of leased property or executory contract | Current installment payment | Estimated amount of arrearage through month of filing or conversion | Estimated monthly payment on arrearage to be disbursed by the trustee |
|---|---|---|---|---|
| **Snap Financial (1820SC)** | **40 inch RCA TV** | **$38.91** | **$0.00** | **$0.00** |

(or more)

*Insert additional claims as needed.*

## Part 7: Vesting of Property of the Estate

**7.1** **Property of the estate will vest in the debtor as stated below:**
*Check the applicable box:*

☑ Upon confirmation of the plan, property of the estate will remain property of the estate, but possession of property of the estate shall

District of South Carolina

Effective May 1, 2019                                   Chapter 13 Plan                                   Page 5

| Debtor | **Rhobie A Nowlin** | Case number | |
|---|---|---|---|
| | **Theresa Nicole Nowlin** | | |

remain with the debtor. The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate. The debtor is responsible for protecting the estate from any liability resulting from operation of a business by the debtor. Nothing in the plan is intended to waive or affect adversely any rights of the debtor, the trustee, or party with respect to any causes of action owned by the debtor.

☐ **Other.** The debtor is proposing a non-standard provision for vesting, which is set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a proposal for vesting is provided in Section 8.1.

### Part 8: Nonstandard Plan Provisions

**8.1** **Check "None" or List Nonstandard Plan Provisions**

☐ **None.** If "None" is checked, the rest of Part 8 need not be completed or reproduced.

**Part 1 of this chapter 13 form plan indicates that all objections to the confirmation of the plan must be filed no later than 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. In Operating Order 18-4, Judge Waites has
otherwise ordered that all objections to the confirmation of a chapter
13 plan in cases before him shall be filed with the Court no later than 21 days after the date of service of the plan. Therefore, all objections to the confirmation of this chapter 13 plan must be filed with the Court no later than 21 days after the date of service of this plan.**

**Confirmation of this plan does not bar a party in interest from any actions discovered from the documentation, or lack thereof, in a proof of claim. The debtor specifically reserves any currently undiscovered or future claims, rights or cause of action the debtor may have, regarding any issues not specifically addressed or determined by the plan, against any creditor or other party in interest including, but not limited to, violations of applicable consumer protections codes and actions under 11 U.S.C. §§542,543,544,547 and 548.**
**The confirmation of this plan may determine the character (secured, unsecured or priority), amount and timing of distribution of a creditor's claim regardless of the proof of claim filed. If a creditor objects to a claim's treatment under the plan, the creditor must timely object to confirmation.**
**Debtor understands the following: (1) The obligations set forth in the plan, including the amount, method, and timing of payments made to the Trustee or directly to creditors; (2) The consequences of any default under the Plan; and (3) That debtor(s) may not agree to sell or sell property, employ professionals, incur debt (including modification of debt), or request or agree to mortgage modification or other loss mitigation during the pendency of the case without the advance authorization of the Bankruptcy Court.**

### Part 9: Signatures:

**9.1** **Signatures of debtor and debtor attorney**

*The debtor and the attorney for the debtor, if any, must sign below.*

| X | **/s/ Rhobie A Nowlin** | X | **/s/ Theresa Nicole Nowlin** |
|---|---|---|---|
| | **Rhobie A Nowlin** | | **Theresa Nicole Nowlin** |
| | Signature of Debtor 1 | | Signature of Debtor 2 |
| | Executed on   **July 19, 2019** | | Executed on   **July 19, 2019** |

| X | **/s/ Eric S. Reed** | Date | **July 19, 2019** |
|---|---|---|---|
| | **Eric S. Reed 7242** | | |
| | Signature of Attorney for debtor   DCID# | | |

**By filing this document, the debtor, if not represented by an attorney, or the debtor and the attorney for the debtor certify(ies) that this Chapter 13 plan contains no nonstandard provision other than those set out in Part 8.**

# United States Bankruptcy Court
## District of South Carolina

In re: **Rhobie A Nowlin / Theresa Nicole Nowlin**, Debtor(s)

Case No. **19-03813**
Chapter **13**

## CERTIFICATE OF SERVICE

I hereby certify that on **July 19, 2019**, a copy of **Notice of Opportunity to Object & Chapter 13 Plan** was served electronically or by regular United States mail to all interested parties, the Trustee and all creditors listed below.

**/s/ Eric S. Reed**
**Eric S. Reed 7242**
**Reed Law Firm, P.A.**
**1807 W Evans Street**
**Suite B**
**Florence, SC 29501**
**843-679-0077 Fax:843-679-0667**
**ereed@reedlawsc.com**

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0420-3<br>Case 19-03813-jw<br>District of South Carolina<br>Columbia<br>Fri Jul 19 10:31:00 EDT 2019 | AT&T<br>PO BOX 44167<br>Jacksonville FL 32231-4167 | ATTORNEY GENERAL OF THE UNITED STATES<br>DEPT OF JUSTICE, ROOM 5111<br>10TH AND CONSTITUTION AVENUE, NW<br>Washington DC 20530-0001 |
| CAINE & WEINER<br>ATTN: BANKRUPTCY<br>5805 SEPULVEDA BLVD<br>SHERMAN OAKS CA 91411-2546 | CAPITAL ONE<br>ATTN: BANKRUPTCY<br>PO BOX 30285<br>SALT LAKE CITY UT 84130-0285 | CASHNET USA<br>200 WEST JACKSON STREET, STE 1400<br>Chicago IL 60606-6929 |
| CONN'S HOMEPLUS<br>ATTN: BANKRUPTCY DEPT<br>PO BOX 2358<br>BEAUMONT TX 77704-2358 | CREDIT ONE BANK<br>ATTN: BANKRUPTCY DEPARTMENT<br>PO BOX 98873<br>LAS VEGAS NV 89193-8873 | Credit Ninja/KMD Partner<br>27 N Wacker Drive<br>#404<br>Chicago IL 60606-2800 |
| DARLINGTON COUNTY DSS<br>130 E CAMDEN AVENUE<br>Hartsville SC 29550-5726 | DARLINGTON COUNTY TREASURER<br>1 PUBLIC SQUARE ROOM 203<br>Darlington SC 29532-3213 | DEALER FUNDING<br>PO BOX 888759<br>Atlanta GA 30356-0759 |
| Dash of Cash<br>PO Box 1469<br>Kahnawake Quebec J0L180 | ERC/ENHANCED RECOVERY CORP<br>ATTN: BANKRUPTCY<br>8014 BAYBERRY ROAD<br>JACKSONVILLE FL 32256-7412 | FINGERHUT<br>ATTN: BANKRUPTCY<br>6250 RIDGEWOOD ROAD<br>SAINT CLOUD MN 56303-0820 |
| FINGERHUT<br>ATTN: BANKRUPTCY<br>PO BOX 1250<br>SAINT CLOUD MN 56395-1250 | FIRST PREMIER BANK<br>ATTN: BANKRUPTCY<br>PO BOX 5524<br>SIOUX FALLS SD 57117-5524 | GENESIS BC/CELTIC BANK<br>ATTN: BANKRUPTCY<br>PO BOX 4477<br>BEAVERTON OR 97076-4401 |
| Hartsville Medical Associates<br>PO Box 247<br>Hartsville SC 29551-0247 | I C SYSTEM INC<br>ATTN: BANKRUPTCY<br>PO BOX 64378<br>ST PAUL MN 55164-0378 | IRS<br>PO BOX 7346<br>Philadelphia PA 19101-7346 |
| JEFFERSON CAPITAL SYSTEMS, LLC<br>PO BOX 1999<br>SAINT CLOUD MN 56302 | MKA Mechanical Inc<br>PO Box 927<br>Hartsville SC 29551-0927 | Rhobie A Nowlin<br>2603 Persmimmons Drive<br>Hartsville, SC 29550-9113 |
| Theresa Nicole Nowlin<br>2603 Persmimmons Drive<br>Hartsville, SC 29550-9113 | OPPORTUNITY FINANCIAL, LLC<br>130 EAST RANDOLPH STREET<br>SUITE 3400<br>CHICAGO IL 60601-6379 | OppLoans<br>130 E Randolph Street<br>Chicago IL 60601-6379 |
| PHOENIX FINANCIAL SERVICES. LLC<br>ATTN: BANKRUPTCY<br>PO BOX 361450<br>INDIANAPOLIS IN 46236-1450 | (p)PROG LEASING LLC<br>256 WEST DATA DRIVE<br>DRAPER UT 84020-2315 | RISE CREDIT<br>ATTN: BANKRUPTCY<br>PO BOX 101808<br>FORT WORTH TX 76185-1808 |

```
Eric S. Reed                        SC Department of Revenue         SYNCHRONY BANK/CARE CREDIT
1807 West Evans St.                 PO Box 12265                     ATTN:  BANKRUPTCY DEPT
Suite B                             Columbia SC 29211-2265           PO BOX 965060
Florence, SC 29501-3374                                              ORLANDO FL 32896-5060


(p)SNAP FINANCE                     William K. Stephenson Jr.        T&J MOTORS
PO BOX 26561                        PO Box 8477                      1812 SOUTH FIFTH STREET
SALT LAKE CITY UT 84126-0561        Columbia, SC 29202-8477          Hartsville SC 29550-5794




US Trustee's Office                 US ATTORNEYS OFFICE
Strom Thurmond Federal Building     JOHN DOUGLAS BARNETT ESQ
1835 Assembly Street                1441 MAIN STREET SUITE 500
Suite 953                           Columbia SC 29201-2897
Columbia, SC 29201-2448
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Progressive Leasing                 Snap Financial
10619 South Jordan Gateway          1193 West 2400 S
Suite 100                           Salt Lake City UT 84119
South Jordan UT 84095
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)Supplemental Nutrition Assistance Progra     End of Label Matrix
                                                Mailable recipients    37
                                                Bypassed recipients     1
                                                Total                  38
```

**EXHIBIT D**

## Consent for Payment Method of Post-Confirmation Payments to the Trustee

Case Number: 19-03813

Debtor 1 Name: Rhobie A Nowlin       Debtor 2 Name: Theresa Nicole Nowlin

Debtor 1 Address:
2603 Persimmons Drive
Hartsville SC 29550

Debtor 2 Address:
2603 Persimmons Drive
Hartsville SC 29550

I/We hereby consent to:

[X]  **A Wage Order,** so that my payments due to the Chapter 13 Trustee ("Trustee") will be drafted from my/our paycheck and sent by my/our employer to Trustee. I/We understand that the wage order will direct the employer(s) to pay the Trustee, but that if the employer does not send the payment to the Trustee, even after taking them out of my/our pay, it is up to me/us to contact my/our employer to send in the payments.

This is the current address for the pay roll department of my/our employer(s). If this address ever changes, of if I/we change jobs, I/we will let you know where to reissue the wage order.

The wage order will be deducted from:

| Debtor 1 Name: Rhobie Nowlin | Name of employer and address of payroll department: ARD Trucking Comp Attn: Payroll 4190 Alligator Rd Timmonsville SC 29161 | I want: [X] all / [ ] ½ of the trustee payment taken out of my pay—the rest will be taken out of my spouses' pay, below. If "all" selected, then do not fill in the below boxes. |
|---|---|---|
| Debtor 2 Name: | Name of employer and address of payroll department: | I want: [ ] all / [ ] ½ of the trustee payment taken out of my pay—the rest will be taken out of my spouses' pay, above. |

[ ]  *(For cases assigned to Trustee Wyman only)* **Set up a TFS Bill Pay account,** so that my/our payments due to the Chapter 13 Trustee ("Trustee") will be drafted automatically from my/our bank account and sent directly to the Trustee by the program.

I/We also understand that it will continue to be my/our responsibility to make sure that the payments are sent to Trustee Wyman. I/We further understand that until the commencement of the wage order or payment deduction by TFS Bill Pay, we will need to send the payments to Trustee Wyman at the below payment address:

[Trustee Payment Address]

Signed:

x _____        x _____
Debtor 1                         Debtor 2
Rhobie A Nowlin                  Theresa Nicole Nowlin